UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPRABH GILL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FERETI SEMAIA, Warden of the Adelanto ICE Processing Center;<br>TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement;<br>KRISTI NOEM, Secretary of the United States Department of Homeland Security;<br>PAMELA BONDI, Attorney General of the United States;<br><br>　　　　Respondents. | Case No. 5:26-cv-00756-JWH-PD<br><br>**ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF No. 3]** |

Before the Court is the *ex parte* Application of Petitioner Simprabh Gill for a Temporary Restraining Order ("TRO") to enjoin Respondents Fereti Semaia, Todd Lyons, Kristi Noem, and Pamela Bondi from continuing to detain him.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in response,[2] the Court **GRANTS in substantial part** Gill's Application, for the reasons set forth below.

## I. BACKGROUND

### A. Factual Allegations

Gill is a 26-year-old native and citizen of Indian and is currently in custody at the Adelanto ICE Processing Center.[3]

Gill entered the United States in September 2024.[4] Gill was apprehended by U.S. Customs and Border Protection upon entering the United States, and he was released on his own recognizance under 8 U.S.C. § 1226(a) after a positive determination during his credible fear interview.[5] The Department of Homeland Security subsequently initiated removal proceedings against Gill.[6]

---

[1] Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 3]

[2] The Court considered the documents of record in this action, including the following papers: (1) Application; (2) Resps.' Response to the Application (the "Response") [ECF No. 7]; (3) Pet.'s Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1]; (4) Pet.'s Reply to Response (the "Reply") [ECF No. 9].

[3] Petition ¶ 12.

[4] *Id.* at ¶ 52.

[5] *Id.* at ¶¶ 53-55; Application 5:22.

[6] Application 5:22–23.

In February 2025 Gill filed an asylum application with the Executive Office for Immigration Review.[7] In February 2026 Respondents detained Gill without providing any notice, and he remains in ICE custody.[8]

## B. Procedural History

On February 17, 2026, Gill filed both a habeas petition and the instant Application for a TRO.[9] Through his Application, Gill asks the Court to order his immediate release from the custody of Respondents and to enjoin Respondents from re-detaining him without notice and a pre-deprivation hearing before a neutral decision maker.[10] In their Response, Respondents request that if the Court grants Gill's TRO, then it should order "a bond hearing to be held before an Immigration Judge under Section 1226(a)."[11]

## II. LEGAL STANDARD

A TRO preserves the *status quo* and prevents irreparable harm until a hearing may be held on the propriety of a preliminary injunction. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted). An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2).

---

[7] Petition ¶ 61.
[8] Application 6:12–20.
[9] *See generally* Petition; Application.
[10] Application 18:6–10.
[11] Response 2:24–25.

A party seeking a TRO or a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). When the nonmoving party is a governmental entity, the last two *Winter* factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

If the court issues a TRO, then it should also issue an order to show cause why a preliminary injunction should not issue. *See* L.R. 65-1.

### III. ANALYSIS

Gill argues that Respondents violated 8 U.S.C. § 1226(a) by failing to provide him with a bond hearing as required by the statute.[12] The Court concludes that Gill satisfies the *Winter* factors with respect to his ongoing detention under 8 U.S.C. § 1226(a) without a bond hearing and, therefore, that the issuance of a TRO is appropriate.

**A.  Likelihood of Success on the Merits**

Due process rights extend to noncitizens present in the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." (citation modified)). Gill fits that description.

Thus, the outstanding question is "what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "The constitution typically requires some kind of a hearing before the State deprives a person of liberty or property,

---

[12]  *See* Application 3:21–26.

particularly because the loss of liberty cannot be fully compensated after the fact." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted). When determining what procedures are required by Due Process, a district court applies the three-part *Mathews* test, which involves an analysis of the following: (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### 1. Private Interest at Stake

When determining the private interest at stake, the court looks to the degree of potential deprivation. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1193 (9th Cir. 2015). Here, the degree of potential deprivation is high because Gill has been completely deprived of physical liberty. Because the degree of potential deprivation is high, this factor favors Gill.

### 2. Risk of Erroneous Deprivation

"[T]he risk of an erroneous deprivation [of liberty] is high" when the petitioner "has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). "Due Process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690–94)). Here, Respondents have not even provided Gill with a post-detention opportunity to contest his detention before a neutral decisionmaker. Without a bond hearing on the merits, the risk of erroneous deprivation is high. Therefore, this factor favors Gill.

### 3. The Government's Interest

To determine the Government's interest, the Court must look at the function involved, as well as the fiscal and administrative burdens imposed by the additional procedures. Here, the Court finds that the Government's interest in detaining Gill without a bond hearing is minimal because the effort and cost required to provide Gill with that procedural safeguard is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Because the Government's burden is low, this factor favors Gill.

The Court, having found that all *Mathews* factors favor Gill, concludes that procedural Due Process requires a bond hearing before an Immigration Judge.

The Court also joins other courts in this District in holding that petitioners like Gill who are detained pursuant to 8 U.S.C. § 1226, have a statutory right to a bond hearing at the outset of their detention. *See, e.g.*, *Pelaez Calderon v. Noem*, Case No. 5:25-cv-02633-JWH-AS (C.D. Cal. Oct. 24, 2025); *Arreola Armenta v. Noem*, Case No. 5:25-cv-02416-JFW-SP (C.D. Cal. Sept. 16, 2025); *Mosqueda v. Noem*, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Benitez v. Noem*, Case No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Ceja Gonzalez v. Noem*, Case No. 5:25-cv-2054-ODW-BFM (C.D. Cal. Aug. 13, 2025); and *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025). Therefore, because Gill's instant detention is governed by 8 U.S.C. § 1226, he is entitled to an individualized bond hearing. That deprivation of an individualized bond hearing is a violation of Gill's statutory rights.

Accordingly, the Court concludes that Gill is likely to succeed on the merits of his procedural Due Process claim.

### B. Irreparable Harm

Gill has been detained without the procedures or notice required by the Due Process Clause of the Constitution and the bond hearing required by 8 U.S.C. § 1226(a). Thus, he has been deprived of process in a manner that likely violates his constitutional rights. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Court finds that Gill would be immediately and irreparably harmed by the continued deprivation of his liberty without constitutionally mandated due process. *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding that irreparable harm was likely to result from the Government's policy of not considering financial ability to pay immigration bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding that irreparable harm was likely to result from the Government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

### C. Balance of Equities and Public Interest

Because Gill challenges actions and a policy that are likely in violation of his constitutional rights, both the equities and the public interest favor the issuance of a temporary restraining order. *See Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue."). Furthermore, "[g]enerally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal. 2020). Accordingly, the Court concludes that both factors weigh in favor of Gill.

Thus, because the *Winter* factors all weigh in Gill's favor, the Court **GRANTS in part** Gill's Application.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Gill's instant Application for a TRO [ECF No. 3] is **GRANTED in part** and **DENIED in part**.

2. Specifically, Respondents are **TEMPORARILY ENJOINED AND RESTRAINED** from continuing to detain Gill.

3. Respondents are **DIRECTED** to release Gill **FORTHWITH** under the terms and conditions of his existing release, as if Gill had not been detained.  This Order does not provide Gill with blanket immunity from future detention—that relief is likely beyond the Court's jurisdiction—but any future enforcement actions after release must comply with Due Process requirements.

4. Respondents are **TEMPORARILY ENJOINED** from removing Gill or transferring him outside the Central District of California.

5. To the extent that Gill seeks any other relief, such relief is **DENIED without prejudice**.

6. A hearing on an Order to Show Cause why a preliminary injunction should not issue is **SET** for March 18, 2026, at 1:00 p.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.  Counsel for the parties are **DIRECTED** to appear in person at that date and time.

7. Respondents are **ORDERED** to **SHOW CAUSE** in writing no later than March 13, 2026, why a preliminary injunction should not issue.

8. Gill is **GRANTED** leave to file an optional reply no later than March 16, 2026.

9. This Temporary Restraining Order shall remain in effect until the conclusion of the hearing on March 18, 2026.

**IT IS SO ORDERED.**

Dated: March 4, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-9-