# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

SIMPRABH GILL,

           Petitioner,

        v.

FERETI SEMAIA, Warden of the Adelanto ICE Processing Center; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,

           Respondents.

Case No. 5:26-cv-00756-JWH-PD

**ORDER GRANTING PRELIMINARY INJUNCTION [ECF No. 3]**

Before the Court is the *ex parte* Application of Petitioner Simprabh Gill for a temporary restraining order (a "TRO") and a preliminary injunction to enjoin Respondents Fereti Semaia, David Venturella, Markwayne Mullin, and Todd Blanche from continuing to detain him.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15. The Court granted Gill's Application and issued both a TRO and an Order to Show Cause ("OSC") why a preliminary injunction should not issue.[2]  After considering the papers filed in support and in response to the Application and the OSC,[3] the Court **GRANTS in substantial part** Gill's Application and issues a preliminary injunction, for the reasons set forth below.

## I.  BACKGROUND

**A.    Factual Allegations**

Gill is a 26-year-old native and citizen of India, and he is currently in custody at the Adelanto ICE Processing Center.[4]

Gill entered the United States in September 2024.[5]  Gill was apprehended by U.S. Customs and Border Protection upon entering the United States, and he was then released on his own recognizance under 8 U.S.C. § 1226(a) after a

---

[1]      Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 3]

[2]      *See* Order Granting the Application (the "Order") [ECF No. 10].

[3]      The Court considered the documents of record in this action, including the following papers:  (1) Application; (2) Resps.' Resp. to the Application (the "Response") [ECF No. 7]; (3)  Pet.'s Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1]; (4) Pet.'s Reply to the Response (the "Reply") [ECF No. 9]; and (5) Order.

[4]      Petition ¶ 12.

[5]      *Id.* at ¶ 52.

positive determination during his credible fear interview.[6]  Subsequently, the Department of Homeland Security initiated removal proceedings against Gill.[7]

In February 2025, Gill filed an asylum application with the Executive Office for Immigration Review.[8]  A year later, in February 2026, Respondents detained Gill without providing any notice.[9]

**B.    Procedural History**

On February 17, 2026, Gill filed both a habeas petition and the instant Application for a TRO.[10]  Through his Application, Gill asks the Court to order his immediate release from the custody of Respondents and to enjoin Respondents from re-detaining him without notice and a pre-deprivation hearing before a neutral decision maker.[11]  In their Response, Respondents request that if the Court grants Gill's TRO, then it should order "a bond hearing to be held before an Immigration Judge under Section 1226(a)."[12]

On March 4, 2026, the Court granted Gill's Application and temporarily enjoined Respondents from continuing to detain Gill.[13]  The Court also ordered Respondents to show cause why a preliminary injunction should not issue, and granted leave for Gill to file an optional reply.[14]

---

[6]    *Id.* at ¶ 53; Application 5:22.

[7]    Application 5:22–23.

[8]    Petition ¶ 61.

[9]    Application 6:12–20.

[10]    *See generally* Petition; Application.

[11]    Application 18:6–10.

[12]    Response 2:24–25.

[13]    Order 8:5–11.

[14]    *Id.* at 8:16–24.

In response, Respondents contend that the instant Petition is moot because Gill has been released from ICE custody.[15]

## II.  LEGAL STANDARD

Federal courts have limited jurisdiction, possessing only the power authorized by Article III of the Constitution and the related statutes Congress has passed.  *See Espinoza v. Union of Am. Physicians & Dentists, AFSCME Loc. 206*, 562 F. Supp. 3d 904, 910 (C.D. Cal. 2022), *aff'd*, 2023 WL 6971456 (9th Cir. Oct. 23, 2023) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  Standing is a jurisdictional limitation and is "an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotation omitted).  A case is moot when: (1) "the issues presented are no longer live"; or (2) the parties lack a "legally cognizable interest in the outcome."  *Id.* at 396.  When a case becomes moot, the court is "required to dismiss it."  *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997).

## III.  ANALYSIS

The Court concludes that the case is not moot.  While Respondents are correct that Gill has received his requested relief in the form of his release, the Court is not convinced that Gill's release from custody moots his request for a preliminary injunction, particularly the non-final nature of the Order granting a TRO.  "Under Supreme Court and Ninth Circuit precedent, temporary relief, up to and including a petitioner's release, does not render a case moot."  *Tang v. Bondi*, 2025 WL 3551381, at *2 (W.D. Wash. Dec. 11, 2025) (concluding that a

---

[15]    Resps.' Resp. to OSC re Prelim. Inj. [ECF No. 11].

preliminary injunction ordering the petitioner's release under the holding of *Zadvydas v. Davis*, 533 U.S. 678 (2001), did not moot the petition) (citing *Ortiz Martinez v. Wamsley*, 2025 WL 2899116, at *3 (W.D. Wash. Oct. 10, 2025) (collecting cases)).  In this instance, unless the Court issues a preliminary injunction, Gill will face the threat of re-arrest and detention upon the expiration of the TRO.  *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) ("Unless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention.").  Accordingly, for the same reasons that the Court granted the TRO, the Court now **GRANTS** a preliminary injunction.  *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.").

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Gill's instant Application for a Preliminary Injunction [ECF No. 3] is **GRANTED in substantial part**.

2. Specifically, Respondents are **PRELIMINARY ENJOINED AND RESTRAINED** from detaining Gill.  This Order does not provide Gill with blanket immunity from future detention—that relief is likely beyond the Court's jurisdiction—but any future enforcement actions after release must comply with Due Process requirements.

3. To the extent that Gill seeks any other relief, such relief is **DENIED without prejudice**.

4. This Order shall remain in effect until further order of the Court.

5. Further proceedings on the merits of Gill's underlying Petition will **CONTINUE** before the Magistrate Judge assigned to this case for

recommended disposition or final disposition, as appropriate, in accordance with 28 U.S.C. § 636(c) and General Order Nos. 05-07 and 26-05.

**IT IS SO ORDERED.**

Dated: _____June 15, 2026_____

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE